JOHN E. HAYES *v.* CITY OF HARTFORD

BALDWIN, O'SULLIVAN, WYNNE, DALY and COTTER, Js.

Argued October 10—decided November 13, 1956

*Cyril Coleman,* with whom, on the brief, was *Robert Krechevsky,* for the appellant (plaintiff).

*Frank A. Murphy,* assistant corporation counsel, with whom, on the brief, were *George J. Ritter,* corporation counsel, and *Elihu H. Berman,* assistant corporation counsel, for the appellee (defendant).

BALDWIN, J. This is an appeal from a judgment of the Superior Court denying the plaintiff's petition for an injunction to restrain the defendant city from enforcing a resolution of its council establishing a building line.

The plaintiff owns real property located on the north side of Farmington Avenue at numbers 524-528. On September 13, 1954, the council, which is the legislative body of the city, adopted a resolution re-establishing the building line at 520 Farmington Avenue by setting it three feet nearer to the middle line of the avenue than the building line already fixed for all the other properties on the north side of the avenue between Girard and Kenyon Streets, including the plaintiff's property.

The charter of the city of Hartford gives it the power to "provide for opening, widening and changing the grade of streets, and the establishment and alteration of curb, sidewalk, building, veranda, porch and bay window lines." Hartford Charter, § 10 (f) (1949); 25 Spec. Laws 38, § 2 (f). The charter also confers the power to undertake public works and lays

down a procedure for assessing benefits and damages to individual property owners whose properties are affected. Hartford Charter, § 147 (1949); 25 Spec. Laws 67 § 3, 68 § 4; see Hartford City Code, §§ 37-3, 37-5 to -9 (1949). Under this provision, a public work may be inaugurated in the council by a resolution. The re-establishment of the building line in the present case was by a resolution.

The plaintiff's first claim is that the setting of a building line can be legally accomplished only by an ordinance adopted in accordance with the formalities prescribed therefor. Hartford Charter, §§ 27, 28; 25 Spec. Laws 41 § 9, 42 § 10. This contention is predicated upon a charter provision which states, so far as is pertinent to this case: "In addition to such acts of the council as are required by the general statutes or by other provisions of this charter to be by ordinance, every act . . . placing any burden upon or limiting the use of private property, shall be by ordinance." Hartford Charter, § 26 (1949); 25 Spec. Laws 41, § 8. The defendant concedes that formalities for the adoption of ordinances were not observed but argues that the re-establishment of the building line, being in the nature of a public work, could be done by a legally adopted resolution. From a reading of the respective charter provisions, it appears that regulatory measures enacted pursuant to the police power must be in the form of an ordinance, while a public work may originate with a resolution. It is not necessary, however, to determine whether the council should have acted by the one method or the other. The defect in its action lies deeper than a formality of procedure.

The plaintiff challenges the constitutional validity of the resolution. No facts are found to show that the change in the building line either reasonably

promotes the public health, safety or welfare or serves any public use. It appears to have no other purpose than to except a single property from an established line for some individual advantage. For these reasons it is void on constitutional grounds. *Barnes* v. *New Haven,* 140 Conn. 8, 13, 98 A.2d 523; *State ex rel. Higgins* v. *Civil Service Commission,* 139 Conn. 102, 105, 90 A.2d 862; *Hart* v. *Board of Examiners,* 129 Conn. 128, 133, 26 A.2d 780; *St. Louis* v. *Handlan,* 242 Mo. 88, 97, 145 S.W. 421; 7 McQuillin, Municipal Corporations (3d Ed.) p. 531.

The disposition of the appeal on this ground makes needless a discussion of the other errors claimed.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff.

In this opinion the other judges concurred.