LUCY E. PIZZUTO ET AL. v. TOWN OF NEWINGTON ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued December 14, 1977—decision released February 21, 1978

*Edward G. Pizzella*, with whom, on the brief, were *Robert J. Pizzella* and *Sidney L. Rosenblatt*, for the appellants (plaintiffs).

*Mark S. Shipman*, with whom, on the brief, was *Robert F. Schatz*, for the appellee (named defendant).

*Vincent F. Sabatini*, with whom, on the brief, was *Alan F. Budney*, for the appellees (defendants Cherry Hill Association et al.).

BOGDANSKI, J. On March 30, 1976, the town council of the town of Newington adopted a resolution closing Kimberley Road to vehicular traffic at the Newington-West Hartford town line. The plaintiffs, residents of Newington, brought this action for a declaratory judgment to determine the propriety of the council's action and for an injunction to restrain the town from implementing the resolution. The Cherry Hill Association and certain town residents intervened in the action as party defendants. From a judgment for the defendants, the plaintiffs appealed to this court raising the following issues: (1) whether § 8-24 or § 7-194 (8) and (17) of the General Statutes applies to the council's action, and (2) whether the resolution was properly adopted.

The finding reveals that Kimberley Road is a public street in the town of Newington and connects with an unnamed street in the town of West Hartford at the town line. Since 1971, through traffic passed north and south on Kimberley Road and over the Newington-West Hartford town line. The defendants, Cherry Hill Association and certain town residents, petitioned the town council for the closing of Kimberley Road. Although some town officials and the residents of Kimberley Road opposed the petition, the town council, acting pursuant to § 7-194 (8) and (17) of the General Statutes, and after a public hearing, adopted the resolution.

In 1966, Newington adopted a charter pursuant to the provisions of the "Home Rule Act" as contained in §§ 7-187–7-201 of the General Stautes. Section 7-194 grants specific powers to towns "to lay out, construct, reconstruct, alter, maintain, repair, control and operate streets, . . . to regulate and prohibit the excavation, altering, use or opening of streets . . . for public and private purposes . . . ." That statute, by its terms, specifically grants the town broad authority to control traffic on its public streets.

The plaintiffs, however, contend that the closing of Kimberley Road through the installation of a concrete barrier at the town line constitutes an abandonment of the road and that § 8-24[1] of the

---

[1] General Statutes § 8-24, entitled "Municipal Improvement," provides, in pertinent part: "No municipal agency or legislative body shall locate, accept, abandon, widen, narrow or extend any street, bridge, parkway or other public way . . . until the proposal to take such action has been referred to the [planning] commission for a report. . . . A proposal disapproved by the commission shall be adopted by the municipality only after (a) a two-thirds vote of the town council where one exists . . . ."

General Statutes requires that the adopted resolution be referred to the town planning and zoning commission for a report.

The defendants respond that on the facts of this case the town has not abandoned the road and that Kimberley Road continues open to vehicular traffic up to its terminus at the town line. They argue that Kimberley Road continues to be used as a public street by its residents and that, in effect, the council by its resolution has simply rerouted through traffic which had become a serious problem in a residential neighborhood of the town.

Abandonment is a question of fact. *Richardson* v. *Tumbridge,* 111 Conn. 90, 93, 149 A. 241. It implies a voluntary and intentional renunciation, but the intent may be inferred as a fact from the surrounding circumstances. *Appeal of Phillips,* 113 Conn. 40, 46, 154 A. 238; *New London* v. *Pequot Point Beach Co.,* 112 Conn. 340, 347, 152 A. 136.

On the facts of this case, the court could reasonably have found as a fact that there was no abandonment of Kimberley Road. In the absence of evidence of renunciation, express or implied, the court did not err in ruling that there was no abandonment of Kimberley Road and that the council's action was governed by § 7-194 (8) and (17) of the General Statutes.

The plaintiffs next contend that there was no basis in the evidence to support the court's conclusion that the adoption of the resolution was a proper exercise of the town council's powers under the "Home Rule Act." The court's conclusions are tested by the finding. *Camp Isabella Freedman of Connecticut, Inc.* v. *Canaan,* 147 Conn. 510, 513,

162 A.2d 700. In its finding, the court found that a voluntary association of residents, property owners and taxpayers petitioned for the closing of Kimberley Road. The court found also that Cherry Hill Drive is functionally adequate to "carry the current volume of traffic." That finding, however, requires interpretation for which we may resort to the memorandum of decision.[2] *Dorr-Oliver, Inc.* v. *Willett Associates,* 153 Conn. 588, 592, 219 A.2d 718; *Kriedel* v. *Krampitz,* 137 Conn. 532, 535, 79 A.2d 181; Maltbie, Conn. App. Proc. § 152. The memorandum of decision reveals that through traffic along Cherry Hill Drive and onto Kimberley Road exceeded 2500 trips per day since the development of houses and shops immediately north of the town line, creating a serious traffic problem in a residential area of Newington. The above findings, as explained by the memorandum of decision, furnish an adequate basis for the court's conclusion.

Moreover, it is conceded that the public hearing on the resolution was duly noticed and that all persons interested were given an opportunity to present their views. Where municipal authorities act in accordance with formal requirements, courts will interfere only "where fraud, corruption, improper motives or influences, plain disregard of duty, gross abuse of power, or violation of law, enter into or characterize . . . [the action taken]." *Whitney* v. *New Haven,* 58 Conn. 450, 457, 20 A. 666; *LaTorre* v. *Hartford,* 167 Conn. 1, 9, 355 A.2d 101; 13 McQuillin, Municipal Corporations (3d Ed.) §§ 37.03, 37.26. The record reveals that other than the claim

---

[2] No transcript of evidence was available.

that the town council's conduct constituted a violation of the law, with which we have not agreed, no such claims were made in this case.

There is no error.

In this opinion the other judges concurred.