RICHARD K. MORRIS ET AL. *v.* TOWN OF
NEWINGTON ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued January 16—decision released March 11, 1980

*Vincent F. Sabatini,* for the appellants (plaintiffs).

*Daniel J. Hagearty,* with whom was *Maxwell Heiman,* for the appellees (defendants).

PER CURIAM. The plaintiffs sued the town of Newington, its agents, servants, employees and members of the town council seeking a temporary and permanent injunction restraining the defendants from opening Kimberley Road at its terminus with the West Hartford town line. A former action was tried in the Superior Court and decided on appeal to the Supreme Court, *Pizzuto* v. *Newington,* 174 Conn. 282, 386 A.2d 238. Subsequent to that decision, a petition was circulated under the provisions of § 411 of the charter of the town of Newington proposing an ordinance to open Kimberley Road. The question of opening Kimberley Road was approved by the voters of the town and the town council thereafter adopted a resolution rescinding the prior resolution which had closed the road and was the subject of the prior action in this case. *Pizzuto* v. *Newington,* supra.

The plaintiffs sought review in the Superior Court and challenged the fundamental power of the town to use initiative and referendum procedures to adopt an ordinance regarding traffic.

In the present action the plaintiffs seek permanent injunctive relief restraining the town of Newington and members of its town council from enacting an ordinance which the defendants claim was adopted pursuant to § 411 of the Newington town charter and from taking any further action to open Kimberley Road at the town line. By way of declaratory relief, they also seek an adjudication that § 411 of the Newington town charter and the ordinance adopted pursuant to it are illegal and unconstitu-

tional and that the action by the town council is illegal and in abuse of its discretion. This appeal follows from a judgment in favor of the defendants.

On appeal the plaintiffs argue that § 411 of the Newington town charter which allows initiative ordinances is illegal and unconstitutional, and cannot be used to control traffic. They also claim that the right to referendum was waived when the voters failed to utilize § 410 of the town charter and that the town council's acceptance of the initiative petition and its attempt to rescind its prior resolution closing the road constituted illegal action and an abuse of the council's authority, and they were done in bad faith.

We have reviewed the trial court's proceedings and after considering the briefs and arguments of the parties, we have concluded that there is no error in the judgment from which the appeal was taken, and that the lengthy and detailed memorandum of decision filed by the trial court; *Morris* v. *Newington,* 36 Conn. Sup. 74, 411 A.2d 939; fully expounds and answers the arguments of the plaintiffs. We adopt the trial court decision as a statement of the facts and the applicable law, as it would serve no useful purpose to repeat them here.

There is no error.