THE FIRST NEW HAVEN NATIONAL BANK *v.*
DANIEL J. ROWAN ET AL.

ELI MOORE, INC. *v.* SARA K. ROWAN ET AL.
(2247)

TESTO, DUPONT and BORDEN, Js.

Argued February 28—decision released June 5, 1984

*Daniel J. Rowan* and *Sara K. Rowan,* pro se, the appellants (defendants).

*John R. Lambert,* for the appellee (plaintiff in the first case).

*Lawrence J. Greenberg,* for the appellee (plaintiff in the second case).

DUPONT, J. Two foreclosure actions which were consolidated for trial are the subject of this appeal.[1] The first is entitled *First New Haven National Bank* v. *Rowan,* and the second is entitled *Eli Moore, Inc.* v. *Rowan.* The defendants[2] appeal from judgments of strict foreclosure against them. In 1977, the bank and Eli Moore, Inc., in two separate actions, obtained judgments against the defendants.[3] The plaintiffs thereafter filed judgment liens on the land records, and subsequently brought actions to foreclose their liens.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] The defendants, Daniel Rowan and Sara Rowan, are the joint owners of the realty which is the subject of the foreclosure actions. Other defendants are various banks with an interest in the real estate. They have not appealed. Sara Rowan, but not Daniel Rowan, is one of the defendants in *Eli Moore, Inc.* v. *Rowan.* Both Sara and Daniel Rowan are defendants in *First New Haven National Bank* v. *Rowan.*

[3] The judgment in favor of Eli Moore, Inc., was rendered on June 21, 1977, pursuant to a stipulation of the parties. The amount of the judgment was $47,673.60, the sum which the defendant had fraudulently embezzled from her employer, Eli Moore, Inc. The sum of $25,000 had previously been paid by Greater New York Mutual Insurance Company to Eli Moore, Inc., pursuant to the provisions of a fidelity insurance policy which Eli Moore, Inc., carried on all of its employees. This court takes judicial notice of the stipulation for judgment in that case. *McCleave* v. *John J. Flanagan Co.,*

In *First New Haven National Bank* v. *Rowan,* both individual defendants filed a "disclosure of defense" and later "answered" the plaintiff's complaint by filing a letter containing a plan to satisfy the judgment. Both the "disclosure" and the "answer" were expunged by the trial court and a motion for default for failure to plead was granted. In *Eli Moore, Inc.* v. *Rowan,* Sara Rowan's disclosure of defense was expunged as well as her substitute pleading designated "Answer." The plaintiff's motion for default for failure to plead was then granted. Both defendants appeared pro se in the foreclosure proceedings.

The basic issue of this appeal is whether the trial court was correct in expunging the defendants' pleadings.[4]

The disclosure of defense in *First New Haven National Bank,* in which both individuals are named defendants, essentially asks for a moratorium in payment and speaks of a "plan for repayment." Since these defendants were not represented by an attorney, the disclosure of defense was correctly expunged. Practice Book § 236. The defendants then filed an "Answer" asking that the material in the disclosure of defense be considered an answer, and attached letters thereto relating to plans for payment. A careful examination of the material of the defendants' answer reveals that

---

115 Conn. 36, 38, 160 A. 305 (1932). The judgment rendered in favor of Eli Moore, Inc. in the amount of $47,673.60 was payable in the amount of $22,673.60 to the plaintiff, Eli Moore, Inc., and $25,000 to the insurance company as subrogee of Eli Moore, Inc. Payment was first to be made to the plaintiff at the rate of $300 per month until the debt due it was discharged, and thereafter to the insurance company at the same rate. It was also provided that in the event of default of any installment payment, the plaintiff would be entitled to immediate execution on the judgment.

[4] On appeal, the defendants raise various claims relating to a denial of due process of law. These issues were not raised at the trial level and will not be considered on appeal. Practice Book § 3063; *Burritt Mutual Savings Bank of New Britain* v. *Tucker,* 183 Conn. 369, 377, 439 A.2d 396 (1981).

it is not responsive to the allegations of the complaint and contains irrelevant and immaterial statements. None of the statements constitutes a defense to a foreclosure action. The court did not err in expunging it, and in subsequently granting the plaintiff's motion for default for failure to plead. Nothing in the defendants' pleadings suggests any meritorious defenses to the foreclosure action and the judgment of default for failure to plead was properly rendered. *Burritt Mutual Savings Bank of New Britain* v. *Tucker,* 183 Conn. 369, 373–74, 439 A.2d 396 (1981).

In *Eli Moore, Inc.* v. *Rowan,* the case in which only Sara Rowan is an individual defendant, a disclosure of defense was also filed and expunged pursuant to Practice Book § 176. In the "Answer" which she subsequently filed, the defendant sought to incorporate material in the disclosure of defense and to answer the allegations of the complaint. When the pleadings are fairly read, it is apparent that one of the allegations of the defendant's answer is not irrelevant. Paragraph three of the plaintiff's complaint alleges that the judgment rendered for the plaintiff in the prior action giving rise to the judgment lien was in the amount of $47,673.60. Paragraph three of the "Answer" and "Disclosure of Defense" alleges that the judgment in favor of the plaintiff was $22,673.60, and that judgment in the case was also rendered in favor of Greater New York Insurance Company for $25,000.[5] Paragraph five of the answer claims that the judgment as to Eli Moore, Inc., was to be paid at the rate of $300 per month, and that the defendant was not in default as to those payments. Greater New York Insurance Company is not a party to the present action, although counsel for the plaintiff at oral argument correctly stated that it must

---

[5] See footnote 3, supra.

repay the insurance company, as its subrogee, any sums collected by the plaintiff from the defendant in excess of $22,673.60.

The defendant's entire answer should not have been expunged since certain of its paragraphs raised the issue of whether the plaintiff's judgment lien could be foreclosed while the defendant was discharging her obligations under the terms of the judgment rendered against her. It is not disputed that the defendant, at the time the judgment of foreclosure of the plaintiff's lien was rendered, was not in default of the terms of the underlying judgment. Those portions of the defendant's answer, however, which are unrelated to this issue should have been expunged. No other allegations of the answer are relevant to any meritorious defense.

An action of foreclosure is an equitable action. *City Savings Bank* v. *Lawlor,* 163 Conn. 149, 155, 302 A.2d 252 (1972). Even after a judgment of foreclosure, a debtor may rehabilitate the right to redeem the real estate if, by a subsequent agreement, the debtor and creditor acquiesce in a new schedule of payments and if the agreement is substantially performed by the debtor. *Milestan* v. *Tisi,* 140 Conn. 464, 101 A.2d 504 (1953). There is no difference in this principle whether an action is brought to foreclose a mortgage or a judgment lien.[6] Id., 473. A trial court has discretion, after a review of the equities, to withhold foreclosure. *Lettieri* v. *American Savings Bank,* 182 Conn. 1, 12, 437 A.2d 822 (1980); *Hamm* v. *Taylor,* 180 Conn. 491, 497, 429 A.2d 946 (1980). Certainly one of the equities in an action for foreclosure of a judgment lien is the fact that the debtor is not in default of the terms ordered as payment of the judgment. If a judgment of foreclosure of

---

[6] General Statutes § 49-46 provides in pertinent part as follows: "Any person having the legal title to any judgment . . . may cause such a judgment lien to be recorded . . . . Any such lien may be foreclosed . . . in the same manner as mortgages . . . ."

a mortgage would not be rendered when the mortgage payments are current, a judgment of foreclosure of a judgment lien should not be rendered without a full hearing on the merits of whether the payments on the judgment are current. See *Hughes* v. *Contemporary Mission, Inc.,* 180 Conn. 150, 429 A.2d 827 (1980).

The sole Connecticut case on the precise issue of this case involved a plaintiff's demurrer to a defense that the defendant was discharging the order of a judgment against him by making the weekly payments required, and that, therefore, the plaintiff could not foreclose a judgment lien. The demurrer was overruled, and the court stated that it was within the trial court's province to decide the circumstances surrounding the acceptance by the creditor of the payments and to determine the effect of that acceptance on any judgment of fore-closure of a judgment lien or in setting a law day. *West Haven Teachers Federal Credit Union* v. *Kimberly,* 31 Conn. Sup. 226, 327 A.2d 596 (1974). The defendant in this case is entitled to no less.

There is no error in the case of *First New Haven National Bank* v. *Rowan;* there is error in the case of *Eli Moore, Inc.* v. *Rowan,* the judgment is set aside and the case is remanded for further proceedings consis-tent with this opinion.

In this opinion the other judges concurred.