[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This is an action to foreclose a judgment lien filed against property of the defendant to secure a judgment in the sum of $44,405.00 recovered in the case of Claire Friedlander v. Henry Friedlander, D.N. CV 85 0076521 S in this judicial district.
The defendant has moved to dismiss this action on 3 grounds:
1) that other actions between the same parties are presently pending in this court concerning the same subject and involving the same damages; CT Page 1857
2) that there was insufficiency of process in the service of the execution underlying this attempt at foreclosure; and,
3) insufficiency of process.
The defendant asserts under his first claim that there is presently before a court a motion for the payment of this judgment by installments, which, if granted and complied with, would affect this action to foreclose any judgment lien.
He claims, in addition, that there is pending an appeal before the Appellate Court from this court's denial to permit the allowance of a set-off of amounts allegedly due against the judgment.
In this court's opinion, neither of these claims, even if correct, is sufficient to abate this action. In cases involving foreclosure of a judgment lien where the allegation that the judgment provided for installment payments, the courts have allowed that such a claim might be a valid defense and the effect should be considered by the trial court on any judgment for foreclosure or in setting a law day. See, West Haven Federal Credit Union v. Kimberly, 31 Conn. Sup. 226, 327 A.2d 596
(1974); First New Haven National Bank v. Rowan, 31 Conn. App. 114,119, 476 A.2d 1079 (1984). The cases have not held that such an order of payment of the judgment abates the foreclosure action. In addition, for any installment payment under General Statutes Section 56-356d, the court pursuant to subsection (d) of that statute, "may provide that compliance with the installment payment order . . . shall stay any foreclosure pursuant to that judgment, provided such a stay is reasonable considering the nature of the debt and the financial circumstances of the judgment debtor. (Emphasis supplied). Thus, such an order implies an act of judicial discretion to stay or not to stay such foreclosure, but does not mandate dismissal of the foreclosure action.
It is problematical whether the alleged set-offs claimed by the defendant would be a defense to the foreclosure of a valid judgment lien, but even if analogous to a claim of satisfaction, those set-offs would be a defense to the alleged debt, not an abatement of the action.
As a second ground for dismissal, the defendant claims that the execution document served upon him by the sheriff to execute on the judgment was defective in that it failed to have a complete notice of judgment debtor's rights as required by General Statutes Section 52-361b. The proffered exhibit bears out the claim that the full panoply of rights was not appended. That execution, however, was returned unsatisfied. So, in CT Page 1858 effect, there was no execution on the judgment debt.
The issuance of an execution on the judgment debt is not a condition precedent to the filing of a judgment lien nor to the foreclosure of that lien. The only requirement of General Statutes Section 52-380a (c) for the foreclosure of a judgment lien, in the present posture of this lien, is that: ". . . No action to foreclose a judgment lien filed pursuant to this section may be commenced unless an execution may issue pursuant to Section 52-356a." (Emphasis supplied). That cited section allows the issuance of an execution after the termination of any stay on the judgment and after the expiration of any right of appeal.
Thus, the defect in any execution on the debt returned unsatisfied is no basis for the dismissal of this foreclosure action and the defendant has not asserted that there exists any stay on the judgment or that the appeal period on the judgment has not expired. In fact, the plaintiff asserts that the judgment in this case was appealed and decided adversely to the defendant by the Appellate Court after which certification was denied by the Supreme Court.
Although the defendant asserts a third ground of defective service in this case, no evidence, oral argument or brief was submitted on this issue and this claim is therefore assumed to be abandoned.
The motion to dismiss is denied.
NIGRO, J.