[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #103
Foreclosure of a judgment lien is not precluded by a prior court order to make weekly payments, even where the debtor has commenced making those payments. The plaintiff's motion for summary judgment is granted.
In West Haven Teachers Federal Credit Union v. Kimberly,31 Conn. Sup. 226, 227-28, 327 A.2d 596 (1974), the court found that "a judgment creditor may pursue his remedy of satisfying the judgment by foreclosure even though the judgment debtor is making prompt and regular payments under a court order on account of that judgment. . . In determining the indebtedness due and owing, the defendant is, however, to be given full credit for all payments made to the plaintiff." The Appellate Court in First NewHaven National Bank v. Rowan, 2 Conn. App. 114, 119,476 A.2d 1079 (1984), agreed with the Kimberly court's analysis "that it was within the trial court's province to decide the circumstances surrounding the acceptance by the creditor of the payments and to determine the effect of that acceptance on any judgment of foreclosure of a judgment lien or in setting a law day."
"In cases involving foreclosure of a judgment lien where the allegation that the judgment provided for installment payments, the courts have allowed that such a claim might be a valid defense and the effect should be considered by the trial court on any judgment for foreclosure or in setting a law day. See, WestHaven Federal Credit Union v. Kimberly, 31 Conn. Sup. 226,327 A.2d 596 (1974); First New Haven National Bank v. Rowan,2 Conn. App. 114, 119, 476 A.2d 1079 (1984). The cases have not held that such an order of payment of the judgment abates the foreclosure action." Friedlander v. Friedlander, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 121457 (February 6, 1992) (Nigro, J.). CT Page 12902
There are no genuine issues of material fact in dispute. The defendant has admitted in her answer that the plaintiff's motion for summary judgment on the prior appeal from probate was granted by the court, Skolnick, J., on June 23, 1998. The defendant seeks to defeat the plaintiffs judgment lien filed on July 2, 1998 on the ground that she is making payments pursuant to the court's order. Based upon the above line of cases, however, the plaintiff may pursue this foreclosure action on the judgment lien to obtain the $19,073.40 in damages awarded by the court, minus any payments made by the defendant pursuant to the court's order.
BALLEN, J.