[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT (#114)
There is no genuine issue of fact or law that there exists no judicially ordered stay of execution of the judgment as authorized by G. S. § 52-35d(b). Neither the judgment of October 1, 1993 as signed by STR Meadow nor the court's order of April 26, 1994 in Yale School of Medicine v. Cullen, No. 344212 (Mulvey, J.) contains any expressed stay. Thus, the plaintiff is free to pursue the remedy of foreclosure pursuant to G. S. §52-380a(c). However, this does not end the analysis.
It is has long been held that while a foreclosure proceeding is partly statutory in nature it is fundamentally equitable.Hartford Federal Savings and Loan Association v. Lenczyk153 Conn. 457, 463 (1966). The defendant's affidavit in opposition asserts that he is 72 years of age, that he has made all of the weekly installment payments in accordance with the 1993 judgment, that he cannot afford to pay anymore than $15.00 per week, that the condominium subject to the judgment lien was purchased for him by his nephew. The allegations raise distinct and substantial equitable claims which should be considered by the court along with any others before the court considers entering or withholding a judgment of foreclosure. First New Haven NationalBank v. Rowan, 2 Conn. App. 114, 118 (1984); West Haven TeachersCT Page2568 Federal Credit Union v. Kimberly, 31 Conn. Sup. 226 (1974).
The motion is denied.
BY THE COURT,
Mottolese, Judge.