GUIDO OTTAVIANI ET AL. *v.* JOHN PECHI ET AL. (6248)

BORDEN, DALY and STOUGHTON, Js.

Submitted on briefs September 1—decision released October 25, 1988

*Kathleen A. Hogan* and *Frederic S. Ury* filed a brief for the appellant (named defendant).

*Bernard Green* and *Bracken C. O'Neill* filed a brief for the appellees (plaintiffs).

DALY, J. The named defendant[1] appeals from the judgment rendered, after a trial to the court, in favor of the plaintiffs. The appeal presents the following issues for our review: (1) whether the court erred in awarding the plaintiffs prejudgment interest under General Statutes § 37-3a; (2) whether the court erred in awarding attorney's fees to the plaintiffs; and (3) whether the court erred in disallowing the defendant's counterclaim. We find no error.

The trial court found the following facts. On July 10, 1985, the plaintiffs, Guido and Barbara Ottaviani, entered into a contract with the defendant for the sale and purchase of the shares of stock in a retail fur establishment named Maxine Furs. The contract called for a closing date of July 19, 1985; however, the defendant delayed the closing until November 15, 1985. The defendant's principal reason for the delay in closing was that a number of furs belonging to customers of Maxine Furs were in the possession of David Hittman, who had originally sold the business to the plaintiffs in 1984. These furs had been stored at Maxine Furs but were removed by Hittman in the spring of 1985 at the insistence of the defendant. Hittman later refused to return

---

[1] Pechi is the only defendant who has appealed; accordingly, as used in this opinion, the term defendant refers solely to Pechi.

the furs unless he was paid the overdue storage charges on the furs. Details of the negotiations with Hittman are irrelevant to this appeal. Nevertheless, the closing between the plaintiffs and the defendant took place only after the plaintiffs agreed to reimburse the defendant for any costs incurred in replacing missing furs and for rental value if loaning a replacement fur to a customer became necessary. Under the terms of the contract, the purchase price for the shares of plaintiffs' stock was $100,000 less certain adjustments. The defendant made a downpayment of $25,000 and was scheduled to make another $25,000 payment on December 30, 1985. The remaining adjusted balance was reflected by two promissory notes executed by the defendant in the amounts of $25,000 and $11,014.20. The two notes included language relating to the payment of costs and expenses, including attorney's fees, incurred in the collection of the sums due. The first note was fully due and payable on December 30, 1986, and the second note on December 30, 1987.

The defendant failed to make the December 30, 1985 payment of $25,000, and the interest payments due under the promissory notes. The plaintiffs' six count complaint sought payment of the amounts due and interest thereon, as well as attorney's fees. The defendant counterclaimed, alleging that the agreement between the parties with respect to reimbursement for replacement or fur loan costs entitled him to set off the sum of $83,789.88[2] against the plaintiffs' demand. The trial court found in favor of the plaintiffs on the complaint and the counterclaim.

The defendant's first claim on appeal is that the trial court should not have awarded prejudgment interest

---

[2] This figure represents the amount claimed by the defendant for reimbursement due him for replacing and loaning furs to customers whose furs were claimed to be missing.

on the payment of $25,000 due December 30, 1985, because his detention of the money was not wrongful.

General Statutes § 37-3a allows parties in civil actions to recover interest at the rate of 10 percent a year as damages for the detention of money. This interest, known as prejudgment interest, is assessed from the date the money became due and payable. *West Haven Sound Development Corporation* v. *West Haven,* 207 Conn. 308, 321, 541 A.2d 858 (1988). "The equitable determination of whether interest is to be recognized as a proper element of damages [in contract actions] turns in each case on whether the detention of money is wrongful under the circumstances." *Slattery* v. *Maykut,* 176 Conn. 147, 155, 405 A.2d 76 (1978); *Marcus* v. *Marcus,* 175 Conn. 138, 146, 394 A.2d 727 (1978); see also *Crest Plumbing & Heating Co.* v. *DiLoreto,* 12 Conn. App. 468, 478, 531 A.2d 177 (1987). The determination of whether to award interest as an element of damages lies entirely within the discretion of the trial court. *Crest Plumbing & Heating Co.* v. *DiLoreto,* supra.

We find no abuse of discretion here. The trial court found that the defendant executed the contract and was therefore under a duty to pay the plaintiffs $25,000 on December 30, 1985. As to the defendant's claim that his failure to pay was not wrongful but instead the product of a good faith dispute, the trial court found that the defendant was not credible. It was the defendant himself who insisted, in the spring of 1985, that Hittman remove the furs from the store. Moreover, the trial court found that customer demands for the fur coats in the alleged possession of Hittman did not arise until after the sales contract was signed on November 15, 1985. Finally, the court found that the defendant sought reimbursement costs that were greatly out of proportion to the actual value of the furs being replaced. The credibility of witnesses and the weight

accorded to their testimony is a matter within the trial court's discretion. *Jazlowiecki* v. *Cyr,* 4 Conn. App. 76, 77, 492 A.2d 516 (1985); see also *Piantedosi* v. *Floridia,* 186 Conn. 275, 277, 440 A.2d 977 (1982). When the trial court's conclusion is logically supported by subordinate facts, we will not disturb that conclusion unless it is in violation of law. See *Piantedosi* v. *Floridia,* supra. In this case, the trial court was within the scope of its discretion in discrediting the defendant's testimony and in awarding prejudgment interest.

The defendant's next claim is that the trial court erred in awarding $5500 in attorney's fees to the plaintiffs. Both promissory notes contained language authorizing the recovery of costs and expenses, including attorney's fees. In *Guaranty Bank & Trust Co.* v. *Dowling,* 4 Conn. App. 376, 494 A.2d 1216, cert. denied, 197 Conn. 808, 499 A.2d 58 (1985), we reiterated that, when the terms of a promissory note provide for the payment of attorney's fees, they are recoverable. Id., 386. An award of attorney's fees under such a clause requires an evidentiary showing of reasonableness. *Bizzoco* v. *Chinitz,* 193 Conn. 304, 310, 476 A.2d 572 (1984); *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 680, 443 A.2d 486 (1982); *Storm Associates, Inc.* v. *Baumgold,* 186 Conn. 237, 245–46, 440 A.2d 306 (1982); *Crest Plumbing & Heating Co.* v. *DiLoreto,* supra, 480. Moreover, the award is to be based on several considerations, and not just the actual fee incurred. *Crest Plumbing & Heating Co.* v. *DiLoreto,* supra.

The plaintiffs submitted an affidavit claiming total legal fees in the amount of $22,972.92. The defendant argues that, because this amount was never allocated to the separate claims, the trial court had no evidence before it on which it could make a determination of the attorney's fees due under the promissory notes only. We disagree. " '[C]ourts may rely on their general

knowledge of what has occurred at the proceedings before them to supply evidence in support of an award of attorney's fees.' *Bizzoco* v. *Chinitz,* [supra, 310]." *Guaranty Bank & Trust Co.* v. *Dowling,* supra, 386. In this case, the trial court was in a position to evaluate the issues presented and determine what proportion of the requested attorney's fees should be allocated to the promissory notes. The record was sufficient to support the award made by the trial court.

The defendant's final claim of error concerns the trial court's disallowance of his counterclaim. The counterclaim essentially alleged that, because of the reimbursement agreement between the parties, the defendant was entitled to set off against the plaintiffs' demand all amounts expended to replace missing furs, including the rental value of furs loaned to customers. The trial court found that the defendant failed to sustain his burden of proof on the counterclaim. We find no error.

" 'On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . .' *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980); *Cookson* v. *Cookson,* 201 Conn. 229, 242–43, 514 A.2d 323 (1986)." *Bowman* v. *1477 Central Avenue Apartments, Inc.,* 203 Conn. 246, 256–57, 524 A.2d 610 (1987).

As previously discussed, the trial court found that the defendant was not a credible witness and that his highly inflated claims for reimbursement arose in a suspicious manner. The facts found by the trial court support its decision to disallow the defendant's counter-

claim. Our review of the record indicates that the trial court's decision was supported by the evidence and was not clearly erroneous.

There is no error.

In this opinion the other judges concurred.