ARNOLD J. ALDERMAN, TRUSTEE *v.* RPM OF
NEW HAVEN, INC., ET AL.
(7506)

BORDEN, DALY and NORCOTT, Js.

Argued November 8, 1989—decision released January 23, 1990

*Edward J. Botwick,* for the appellants-appellees (defendants).

*Gilbert M. Galer,* for the appellee-appellant (plaintiff).

DALY, J. In this action for conversion of funds, the defendants appeal and the plaintiff cross appeals from the judgment of the state trial referee, acting as the trial court, awarding the plaintiff $38,972.05. We find no error on the appeal, but we find error in part on the cross appeal.

The following facts are undisputed. The plaintiff owned three of seven condominium units in Connelly Parkway Condominium, a complex located in Hamden. The plaintiff occupied unit two and held title, as trustee, to units four and six. In December, 1979, after the condominium was first organized, the plaintiff hired the Benedict Company as its management agent. During this management, the defendant Richard W. Miller was an agent-employee of the Benedict Company and conducted the management duties at the complex.

On September 1, 1984, when the Benedict Company ceased its operations, Miller continued as the property manager of the complex, this time acting as the subagent for the named defendant, RPM of New Haven, Inc. (RPM), which had succeeded the Benedict Company as the management agent for the entire complex, including the plaintiff's units. At the time that RPM took over as the management agent, the last known balance that was due for unit four was $18,153.44 and for unit six was $18,840.71.

The plaintiff sold units four and six in February, 1986, and, at that time, requested an accounting and payment of the money due from these two units. Miller prepared the accounting on a handwritten sheet dated April 30, 1986. This accounting showed a balance of $20,435.37 due for unit four, and a balance of $18,536.68 due for unit six, for a total net balance of $38,972.05. When the plaintiff subsequently demanded payment, Miller informed him that there were no funds left in the account to make payment, that the plaintiff's funds had been commingled with the funds from all the units into a single account and that all of the plaintiff's funds had been used to pay the bills and obligations of another unit owner. The plaintiff sued the two defendants for conversion of his funds. In his complaint, the plaintiff alleged that as of April 30, 1986, the amount of $38,972.05 was due to him. He requested that amount, plus interest.

The trial court found for the plaintiff and determined that the two defendants were jointly and severally liable for $38,972.05 because of their unauthorized commingling of funds for the two units into a general account, and because of their use of this money for payment of expenses and bills unrelated to the plaintiff's two units. The trial court, however, did not award the plaintiff interest on the $38,972.05. This appeal and cross appeal followed.

The defendants' sole claim of error[1] is that the trial court incorrectly applied the correct measure of damages. In support of their claim, the defendants assert, without reference to case law, that the "[p]roper award should have been that sum of money which was lost to the plaintiff during the term of the principal/agent relationship or damages arising therefrom. In this case that sum should have been the sum due the Plaintiff at the conclusion of the [fiduciary] relationship, less the sum due to the plaintiff at the beginning of this relationship or $38,692.05 [sic] less $36,994.18, or a total of $1967.87 [sic]." On the basis of our review of the record, we conclude that the trial court correctly applied the proper measure of damages to the facts of the case.

In his cross appeal, the plaintiff claims that the trial court erred in failing to award prejudgment interest[2] on an otherwise properly determined amount of damages. We agree.

"General Statutes § 37-3a allows the recovery of interest in civil actions 'as damages for the detention of money after it becomes payable . . . .' We have construed the statute to make the allowance of interest depend upon 'whether the detention of the money is or is not wrongful under the circumstances.' *Cecio Bros., Inc.* v. *Feldmann,* 161 Conn. 265, 275, 287 A.2d 374 (1971). 'The allowance of interest as an element of damages is, thus, primarily an equitable determina-

[1] The defendants expressly abandoned one of their issues on appeal and impliedly abandoned a second issue when they failed to brief the issue. See *Morris* v. *Newington,* 36 Conn. Sup. 74, 88, 411 A.2d 939 (1979), citing *Sachem's Head Assn.* v. *Lufkin,* 168 Conn. 365, 366, 362 A.2d 519 (1975).

[2] Although the memorandum of decision did not expressly address the plaintiff's claim for interest, it did so impliedly. The court impliedly denied interest when it awarded the exact amount of money damages that the plaintiff claimed was due and payable to him. The plaintiff's claim is thus reviewable. Cf. *Associated Catalog Merchandisers, Inc.* v. *Chagnon,* 210 Conn. 734, 750, 557 A.2d 525 (1989).

tion and a matter lying within the discretion of the trial court.' *Bertozzi* v. *McCarthy,* 164 Conn. 463, 467, 323 A.2d 553 (1973)." *Newington* v. *General Sanitation Service Co.,* 196 Conn. 81, 90, 491 A.2d 363 (1985); see also *Ottaviani* v. *Pechi,* 16 Conn. App. 705, 708, 548 A.2d 1354 (1988). "Whether in certain circumstances a sum has been liquidated may be a useful, although not necessarily a controlling, criterion." *Slattery* v. *Maykut,* 176 Conn. 147, 155, 405 A.2d 76 (1978). "Under this statute, interest ordinarily begins to run from the time when the money was due and payable." *Marcus* v. *Marcus,* 175 Conn. 138, 146, 394 A.2d 727 (1978).

It is true that courts "have seldom found an abuse of discretion in the determination by a trial court of whether a detention of money was 'wrongful' "; *Newington* v. *General Sanitation Service Co.,* supra. It is also true that courts "have never held the denial of . . . an award [of prejudgment interest for unpaid monetary claims] to be an abuse of discretion." *State* v. *Stengel,* 192 Conn. 484, 487, 472 A.2d 350 (1984); see also *Vernon Foodliner, Inc.* v. *Central Mutual Ins. Co.,* 1 Conn. App. 595, 600, 474 A.2d 468 (1984); but see *Guaranty Bank & Trust Co.* v. *Dowling,* 4 Conn. App. 376, 386, 494 A.2d 1216, cert. denied, 197 Conn. 808, 499 A.2d 58 (1985) (error in not awarding prejudgment interest where terms of promissory note expressly provided that interest be awarded). Nevertheless, under the circumstances of this case, we are compelled to find that the trial court erred in failing to award prejudgment interest.

The record reveals that the plaintiff requested, in both his complaint and his trial brief, that interest be awarded and thus diligently presented his claim to the trial referee. Cf. *Newington* v. *General Sanitation Service Co.,* supra, 90–91. In addition, the amount that was due to the plaintiff was a liquidated amount. Cf. *Slattery* v.

*Maykut,* supra. Furthermore, the trial referee relied on *Luciani* v. *Stop & Shop Cos.,* 15 Conn. App. 407, 410, 544 A.2d 1238, cert. denied, 209 Conn. 809, 548 A.2d 437 (1988), in finding that the defendants had wrongfully appropriated the plaintiff's funds by converting them subsequent to an initial rightful possession. Such a form of conversion has been characterized as a "wrongful use." Id.

The trial court concluded that the facts of the present case meet the definition of conversion by wrongful use and that as of April 30, 1986, there was a liquidated amount of $38,972.05 due to the plaintiff. In view of these findings, and because the plaintiff diligently pursued in the trial court his request for interest as damages,[3] we conclude that the trial court abused its discretion by failing to award prejudgment interest for the wrongful use of this money from the date that the money became due and payable on April 30, 1986,[4] to the date of judgment, October 5, 1988. See *Marcus* v. *Marcus,* supra; see also *Cecio Bros., Inc.* v. *Feldmann,* supra, 275. The plaintiff is, therefore, entitled to interest on $38,972.05 at the statutory rate of 10 percent per annum for the period from April 30, 1986, through October 5, 1988.

There is no error on the appeal; there is error in part on the cross appeal, the judgment is set aside and the

---

[3] We do note that, although the plaintiff was diligent in making known to the trial referee that he also requested interest, the plaintiff could have filed, but did not file, a motion for articulation following the court's implicit denial of interest. See Practice Book § 4051. Because there was sufficient support in the record for the plaintiff's claim, he was not harmed by his failure to file this motion. Cf. *Associated Catalog Merchandisers, Inc.* v. *Chagnon,* 210 Conn. 734, 750, 557 A.2d 525 (1989).

[4] The record is unclear whether the money was due at the time of the sale in February, 1986, or when the accounting was made in April, 1986. Because the plaintiff has requested only that interest be awarded starting from April 30, 1986, we need not pursue this discrepancy.

case is remanded with direction to render judgment as on file except that interest is to be awarded to the plaintiff in accordance with this opinion.

In this opinion the other judges concurred.