## CIRCUIT COURT OF FAIRFAX COUNTY

Star Technologies, Inc.

v.

Philips Medical
Systems, N.A., Inc.

March 14, 1991

Case No. (Law) 89460

By JUDGE MICHAEL P. McWEENY

This matter came before the Court on March 8, 1991, upon cross-motions for reconsideration (although not so named). Numerous briefs were presented during oral argument, and the Court took the motions under advisement.

The Court will first address defendant "Philips" motions. Essentially, the position of Philips is that the evidence does not support the formation of a binding contract under Connecticut or Virginia law and that, if one did exist, there were conditions precedent and conditions subsequent which have not been met. In addition, should the Court find a contract and breach, Philips submits that the U.C.C. precludes this measure of damages under these facts. *See* Va. Code §§ 8.2-606 and 8.2-709; Conn. Gen. Stat. §§ 42a-2-606 and 42a-2-709. A review of all of the authorities presented fails to persuade the Court. Philip's motion for reconsideration is denied.

In oral argument, Philips further contends that pre-trial and evidentiary rulings precluded it from developing its defense of fraudulent inducement and requests a new trial on this basis. After full review of the transcripts and notes, this motion is denied.

The Court last turns to plaintiff "Star's" motion requesting an award of prejudgment interest. On January 15, 1991, the Court denied prejudgment interest. Accordingly, this is a motion for reconsideration based only on the evidence at trial.

It is suggested that the letter of Ronald Tschippert of January 24, 1986, constituted an unqualified demand for payment creating a non-speculative date from which prejudgment interest should run. Philips responds (1) that the letter is not a qualifying demand under the terms of the purchase order, (2) that prejudgment interest is not appropriate where there is a "bona fide legal dispute," and (3) that Star should not recover interest as it accrued as the result of Star's dilatory enforcement of its rights.

The Court is persuaded that there is a non-speculative date which it overlooked in its January 15, 1991, ruling. Even without reaching Star's "alternative date" of the date of filing this action, Mr. Tschippert's letter does constitute an unqualified demand. Although Philips makes a strong argument for a "bona fide legal dispute" exception to be applied, the authorities in both Connecticut and Virginia seem to be to the contrary. *Alderman v. RDM of New Haven, Inc.*, 20 Conn. App. 566, 568 A.2d 1068 (1990); *Walter Kidde Constructors, Inc. v. State*, 37 Conn. Supp. 50, 434 A.2d 962 (1981); *Gill v. Rollins Protective Services Co.*, 836 F.2d 194 (4th Cir. 1987). Lastly the Court does not find a "failure to mitigate" on behalf of Star. The Court grants prejudgment interest from the date requested in the brief: February 1, 1986.

This leaves the conflict of laws question regarding the amount of prejudgment interest. Although both sides agreed initially that Connecticut law governed the formation of the contract, they do not agree which law controls the rate of prejudgment interest. Star argues that these are "damages," matters of substantive law, and are governed by the rule of *lex loci*. *Baise v. Warren*, 158 Va. 505 (1932). It is suggested, however, that no Virginia case directly addresses prejudgment interest. Philips submits that it is a matter of "remedies" and that this is controlled by the law of the forum. *Witter v. Torbett*, 604 F. Supp. 298 (W.D. Va. 1984). The case of *Willard v. Aetna Casualty & Surety Co.*, 213 Va. 481 (1973), is, indeed, quoted in *Witter, supra*; however, this case also asserts

that the forum state determines, according to its own conflict of laws rules, whether a question of law is substantive or procedural. In a contract suit "[t]he award of prejudgment interest is to compensate plaintiff for the loss sustained by not receiving the amount to which he was entitled at the time he was entitled to receive it," and is therefore substantive. 10B M.J. *Interest*, sect. 12 (1989 Cum. Supp.). This is the law in Virginia. *Marks v. Sanzo*, 231 Va. 350 (1986). As prejudgment interest is a matter of substance, not procedure, under Virginia law, the rule of *lex loci*, not *lex fori* applies. Prejudgment interest is awarded at ten percent pursuant to Conn. Gen. Stat. § 37-3a.