[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, David Riccardi, claims in this suit that the defendant, James Fortier, wrongfully repossessed a truck that Fortier had sold to Riccardi. The plaintiff further claims that the defendant's conduct in retrieving the truck constituted a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), 42-110 et seq. C.G.S.
By way of counterclaim, the defendant alleges that the plaintiff failed to pay the full purchase price of the truck, and he seeks money damages or, alternatively, an order requiring the plaintiff to reconvey title to him, plus counsel fees.
The court finds the relevant facts to be as follows: CT Page 7791
On February 9, 1990, the plaintiff agreed to buy from the defendant a 1973 White 4000 Tractor for $13,000. The transaction is memorialized in a Purchase Agreement (Ex. 3) and promissory note (Ex. 2). The plaintiff agreed to pay the purchase price in monthly installments of $1,000 over a period not to exceed thirteen months. The plaintiff also agreed "to name James J. Fortier as lienholder until the terms of this note have been fully satisfied." (Ex. 2).
The defendant is not in the trade or business of selling vehicles, and this was an isolated transaction.
The plaintiff had planned to make the monthly payments out of the profits realized from leasing the 1973 truck out to others, however it took him some time to make the vehicle roadworthy. After missing the due date for the initial payment, the plaintiff proposed to pay $250.00 per week instead of $1,000.00 per month, a proposal accepted by the defendant. No written agreement was ever prepared to memorialize this alteration to the original agreement. No other change to the original agreement was ever agreed to by the defendant.
In June, when the plaintiff had not made all his payments, the defendant caused his attorney to send the plaintiff a letter requesting payment. As of the date of trial, the defendant had been paid only $1,500.00 of the agreed purchase price of $13,000.00.
By some means which neither party was able to explain, on March 27, 1990 the Connecticut Motor Vehicle Department issued a certificate of title to the vehicle in the name of the plaintiff. The certificate does not list any lienholders, however it bears the following stamped notation in the space set aside for the listing of a first lienholder: "This is a valid and assignable certificate of title, however, this vehicle may be subject to an undisclosed lien."
The court finds that either negligently or purposefully, the plaintiff failed to identify the defendant as a lienholder when he applied for a title certificate and registered the vehicle, and that his failure to do so constituted a breach of the terms of the contract of sale.
The plaintiff testified that in June 1990 he promised to pay the defendant the balance due when he received an anticipated lump-sum worker's compensation recovery. The court finds that the defendant did not agree to that proposal but, using a set of keys which he had retained when he gave the defendant the truck on June 29, 1990, he took possession of the truck after notifying the CT Page 7792 local police department that he was about to do so.
At the time of trial, the defendant was in possession of the truck, but he was unable to register it because the defendant was in possession of the title certificate.
The plaintiff claims in the first count of his complaint that the defendant wrongfully took possession of the vehicle and that the plaintiff has suffered damage consisting of the value of repairs made to the truck and money lost because he was deprived of its use. The plaintiff also alleges that the defendant was unjustly enriched to the extent of the value of the repairs be made to the truck.
In the second count, the plaintiff alleges that the defendant's taking possession of the truck without legal process constituted a violation of CUTPA in that the method of repossession used offended the public policy embodied in 52-515
C.G.S., which provides the remedy of replevin as a means to secure the return of goods in which a party claims an interest. The plaintiff further alleges that the defendant's conduct constituted a CUTPA violation because it was a variance with the provisions of 36-243b, which prohibits creditors from using "abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt."
A threshold issue is whether CUTPA is applicable to the conduct of a person who, like the defendant, conducts a single transaction and is not in the business of conducting such transactions. While there is a divergence of opinion on this issue, the better reasoned cases hold that CUTPA does not apply in such circumstances. See McCarthy v. Fingelly, 4 Conn. L. Rept. No. 7, 222 (July 1, 1991), Skinner v. Till, 3 Conn. L. Rept., No. 19, 627 (May 6, 1991).
Even if CUTPA were applicable to the defendant's conduct, the court finds that mere recourse to the creditor's remedies specified in 42-83 C.G.S. (Retail Installment Sales Financing Act "RISFA") does not constitute an unfair trade practice.
RISFA provides at 42-98 C.G.S. that when a retail buyer is in default on the payment of any sum due under a retail installment contract, the holder of the contract may retake possession if he can do so without breach of the peace, and, in the case of repossession of a motor vehicle, upon notifying the local police department. Judgment shall enter for the defendant on count 2 of the complaint. Contrary to the plaintiff's assertion, a replevin action is not the the exclusive means to recover property. The plaintiff has not asserted any cause of action under RISFA and has not specifically alleged any violation CT Page 7793 of the provisions of that statute as required by 109A P.B.
The defendant's counterclaim for the balance due on the installment contract must be decided in the light of the provisions of 42-98 (h) which provides in pertinent part as follows:
 After the holder retakes possession as provided in subsection (a), the retail buyer . . . shall not be liable for any balance due, except to the extent permitted by subsection (g) of this section.
Subsection (g) provides that if the goods retaken is a motor vehicle with a cash price exceeding two thousand dollars, the buyer shall be given credit for the fair market value of the vehicle at the date of repossession, and the seller can recover the difference between the buyer's liability pursuant to contract and the fair market value.
The burden of proving the damages to which he is entitled rests with the claimant. Ferri v. Pyramid Construction Co.,186 Conn. 682, 691 (1982); Gerrety Co. v. Palmieri, 11 Conn. App. 226,230 (1987). Have retaken possession of the truck, the burden of the defendant as to his counterclaim was to establish the difference between the debt and the value of the vehicle. The defendant failed to offer any evidence as to the fair market value of the vehicle in question. Section 42-98 (g) provides that the prima facie fair market value of a motor vehicle "shall be one-half of the sum of the average trade-in value plus the average retail value of such motor vehicle as stated in the National Automobile Dealers Association Used Car Guide, Eastern Edition, as of the date of repossession." As to motor vehicles not listed in such publications, the statute provides that the court shall determine the fair market value at retail. The defendant presented no evidence upon which the court could base any finding as to the retail value of the 1973 White truck on the date of repossession, and there is therefore no way of determining any deficiency.
The defendant seeks to recover the costs of collection based on the provision in the promissory note, Ex. 2, in which the plaintiff agreed to pay "all legal and court costs incurred by James J. Fortier in the recovery of this debt." Because the plaintiff obtained title to the truck and refused to reconvey title after the defendant had retaken it, it was necessary for the defendant to pursue a counterclaim to obtain an order for the transfer of title, and the defendant has recovered on the debt by retaking the vehicle. The defendant failed to present evidence as to his costs of recovery. Where a claimant has made a request for CT Page 7794 fees in a particular amount based on a provision for recovery of such fees in a promissory note, courts may review the reasonableness of the request on the basis of their general knowledge of what has occurred in the proceedings. Bizzoco v. Chinitz, 193 Conn. 304, 310 (1984); Ottaviani v. Pechi, 16 Conn. App. 705,709 (1988). The ruling in Day v. General Electric Credit Corporation, 15 Conn. App. 677, 687-88 (1988), however, indicates that where a claimant has failed to submit any evidence as to fees incurred, the trier may not supply that evidence as to this element of damages, and that the court's resort to its own knowledge of attorney's fees applies only to an assessment of reasonableness after some evidence as to the fees claimed or incurred has been presented.
Having failed to present any evidence as to the legal costs of recovery, the defendant cannot be awarded this element of his damages on his counterclaim.
The only remedy to which the defendant has proven entitlement as to his counterclaim is the transfer of title to the vehicle, which is hereby ordered.
The plaintiff claims conclusorily that his repairs to the vehicle increased its value, however the record is devoid of any actual evidence as to the value of the vehicle at the time of repossession. Such value cannot logically be determined, as the plaintiff urges, simply by adding the costs of repairs to the purchase price, and at any rate the plaintiff's evidence as to repairs was so vague as to be unreliable. To the extent that the first count of the complaint claims quantum meruit on grounds of unjust enrichment, it is denied for lack of proof of value added.
Judgment shall enter in favor of the defendant as to the plaintiff's claims.
Judgment shall enter on his counterclaim in favor of the defendant, James Fortier, and title to the 1973 White 4000 truck, VIN H758707, shall be transferred to the name of James Fortier. The plaintiff is ordered to take all steps necessary to accomplish the transfer of title immediately.
The defendant shall recover his court costs.
Beverly J. Hodgson Judge of the Superior Court