[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue presented in this matter is whether the plaintiff is entitled to prejudgment interest pursuant to General Statutes § 37-3a as an element of damages.
The Fact Finder, on July 21, 1994, determined, in part, the following:
 that on or about January 6, 1993, the plaintiff, Ochhav Shah, executed a written offer to buy a convenience store from the defendant, Anita I. Lee; that the plaintiff gave a $10,000.00 deposit to Renault Associates, Inc. as the agent for the defendant; that both the offer and counter-offer were contingent on a lease "satisfactory to the buyer"; that no lease "satisfactory to the buyer" was procured and, therefore, said offer and counter-offer did not ripen into an agreement; that plaintiff was entitled to return of his deposit and to statutory interest pursuant to § 37-3a.
Section 37-3a provides that interest "may be recovered and allowed in civil actions or arbitration proceedings . . . as damages for the detention of money after it becomes payable. . . ." The Connecticut Supreme Court has stated that "`[t]he allowance of interest as an element of damages is primarily CT Page 9461 an equitable determination and a matter within the discretion of the court." Middlesex Mutual Assurance Co. v.Walsh, 218 Conn. 681, 701-02, 590 A.2d 957 (1991), quotingNor'easter Group, Inc. v. Colossale Concrete, Inc., 207 Conn. 468,482, 542 A.2d 692 (1988). "While the determination depends in part upon when the money involved is `payable'; . . . `[t]he real question in each case is whether the detention of the money is or is not wrongful under the circumstances.'" (Citation omitted). Id., quoting Cecio Bros., Inc. v.Feldmann, 161 Conn. 265, 275, 287 A.2d 374 (1971). Such, a determination "`is to be made in view of the demands of justice rather than through the application of any arbitrary rule.'" Id., quoting Cecio Bros., Inc. v. Feldmann, supra, 161 Conn. 275.
The court may consider whether or not the sum involved liquidated and whether or not there was a bona fide dispute between the parties, or whether the defendant clearly owed the amount when the action was started, in deciding whether the detention of the money was wrongful under the circumstances.Foley v. The Huntington Company, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 246145S (March 16, 1994). In addition, the test for determining when the money involved is "payable" is "whether the sums were not so uncertain that a defendant could not have been on notice as to the amount it was required to pay." White Oak Corporation v. Departmentof Transportation, 217 Conn. 281, 302 n. 18,585 A.2d 1199 (1991). Finally, "it is true that courts `have seldom found an abuse of discretion in the determination by a trial court of whether a detention of money was `wrongful.'" Aldermanv. RPM of New Haven, Inc., 20 Conn. App. 566, 570,568 A.2d 1068 (1990).
The sum involved was liquidated. The parties stipulated, as noted by the Fact Finder, that the deposit paid by the plaintiff Was $10,000.00. The existence of any "bona fide" dispute between the parties appears tenuous, considering that the written offer and counter-offer made the sale specifically contingent upon the plaintiff's satisfaction with the lease procured.
The defendant "wrongfully" retained the deposit money within the meaning of the case law.
The objection to the Fact Finder's imposition of prejudgment CT Page 9462 interest is overruled.
LEONARD W. DORSEY STATE TRIAL REFEREE