[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
The defendants, Redding Group, Inc. (RGI), and RGI's two principal shareholders and officers, John Theys and Lydia Fazio, have filed two motions, one to amend the pleadings "to conform to the proof," and the other for final judgment. This case involves the dissolution of a partnership known as Redding Group Services (RGS) by its partners, the plaintiff, Wellington Systems, Inc. (WSI), and RGI. This court issued a memorandum of decision dated June 21, 1995, and thereafter the defendants sought reargument on certain issues that required clarification. A supplemental memorandum of decision was issued on January 2, 1996, which in turn led to the filing of the above two motions.[1]
The motion by the defendants to amend the pleadings to conform to the proof involves two claims. The first is that the accounting debt owed to RGI is the obligation not only of WSI, a corporation, but also of its two individual stockholders, Fred Stahl and Gene Goodman. The defendants contend that Stahl and Goodman were "de facto partners" in RGI, and alternatively, that the corporate veil of WSI should be "pierced."
As to the first argument, it is clear that the action tried CT Page 5261-HHHHHHHHH to this court which resulted in the memorandum of decision of June 21, 1995, was an accounting action because the partnership, RGS, was terminated in July, 1984, and the parties were at issue as to which partner owed how much to the other party. The identity of the partners of this partnership was equally clear, as the court referred in that memorandum of decision to a letter of October 11, 1982, in which the plaintiffs and the defendants altered their prior relationship by forming a partnership between WSI and RGI to be known as Redding Group Services (RGS).[2] This conclusion as to the identity of the partners of RGS was further buttressed by, among other things, the defendants' own description of the partnership in their "brief and appendix, " which was filed with the court on October 13, 1994, under the "who's who" section, which read "RGS was the name of the partnership in this case. RGI and Wellington were the partners."
Until receipt of their motion to amend the pleadings, dated February 2, 1996, there had not been any prior claim by the defendants that the partners of RGS were other than the two corporations, WSI and RGI. The court sees no reason to permit the defendants to amend their pleadings in a case tried in late 1992 and early 1993 in order to introduce a brand new theory by the defendants that the partners of RGS were not as they themselves described. In addition, the defendants' counterclaim does not assert that the partners of RGS included Stahl and Goodman individually, nor was any proof adduced at the trial that the partners were anyone other than the two corporations.
Regarding the alternative contention that the corporate veil of WSI should be pierced on the alleged authority of Zaist v.Olson, 154 Conn. 563, 227 A.2d 552 (1967), based on the "instrumentality" and "identity" rules, this also represents a new claim and one not based on any allegations in the pleadings or on any evidence introduced at the hearing. "We acknowledge that piercing the corporate veil is difficult and that it is appropriate only under exceptional circumstances." DeLeonardisv. Subway Sandwich Shops. Inc., 35 Conn. App. 353, 358,646 A.2d 230 (1994).[3] There was no evidence introduced at the trial that WSI was anything other than a bona fide corporation, or that either the instrumentality or the identity theories of piercing the so-called corporate veil should be invoked. The claim that WSI's corporate status should be disregarded is an afterthought by the defendants and was neither alleged nor proven. Hence, the motion by defendants (#226) to amend their pleadings is denied. CT Page 5261-IIIIIIIII
The defendants' motion for final judgment in favor of RGI in the amount of $72,213 is granted because this amount represents an overdraw by one partner, WSI, against the other partner of RGS, RGI. This amount is based on the accounting submitted by RGI, as modified by the memorandum of decision dated January 2, 1996.
The defendants also seek prejudgment interest on this sum pursuant to General Statutes § 37-3a, which permits such interest if money has been retained "after it becomes payable." "Under § 37-3a, an allowance of prejudgment interest turns on whether the detention of the money is or is not wrongful under the circumstances. . . and that the ultimate determination is one to be made in view of the demands of justice rather than through the application of any arbitrary rule." (Internal quotation marks and citations omitted.) Spearhead Construction Corporation v.Bianco, 39 Conn. App. 122, 135-36, 665 A.2d 86, cert. denied235 Conn. 928, 667 A.2d 554 (1995). See Middlesex Mutual AssuranceCo. v. Walsh, 218 Conn. 681, 702, 590 A.2d 957 (1991). The decision whether to order prejudgment interest is not to be based on whether the issues in this case were contested in a good faith dispute between the parties, or whether the amount of the judgment was a liquidated sum (see Alderman v. RPM of New Haven,Inc., 20 Conn. App. 566, 570, 568 A.2d 1068 (1990)), but rather the issue is solely whether the money was withheld wrongfully under the circumstances. Slattery v. Maykut, 176 Conn. 147, 155,405 A.2d 76 (1978). This court does not believe that the money due RGI was withheld wrongfully and therefore declines to award prejudgment interest. See O'Hara v. State, 218 Conn. 628, 643-44,590 A.2d 948 (1991).
Therefore, the defendants' motion for final judgment (#226) is granted in favor of RGI against its former partner, WSI, in the amount of $72,213, with costs as taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 23rd day of August, 1996.
William B. Lewis, Judge