[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
CT Page 4426
The plaintiff has filed a motion, #134, dated March 19, 1997, requesting a calculation of interest pursuant to General Statutes §§ 37-3a and 52-192a. This court entered judgment in favor of the plaintiff for $77,163 on November 22, 1996,[1] but did not address the subject of interest.
General Statutes § 37-3a permits prejudgment interest if money has been retained "after it becomes payable." "Under §37-3a, an allowance of prejudgment interest turns on whether the detention of the money is or is not wrongful under the circumstances. . . . [T]he ultimate determination is one to be made in view of the demands of justice rather than through the application of any arbitrary rule." (Internal quotation marks and citations omitted.) Spearhead Construction Corporation v.Bianco, 39 Conn. App. 122, 134-36, 665 A.2d 86, cert. denied,235 Conn. 928, 667 A.2d 554 (1995). See also Middlesex MutualAssurance Co. v. Walsh, 218 Conn. 681, 702, 590 A.2d 957 (1991). The decision to order prejudgment interest is not to be based on whether the issues in this case were or were not contested in a good faith dispute between the parties, or whether the amount of the judgment was or was not a liquidated sum; see Alderman v. RPMof New Haven, Inc., 20 Conn. App. 566, 570, 568 A.2d 1068 (1990); but rather the issue is solely whether the money was withheld wrongfully under the circumstances. Slattery v. Maykut,176 Conn. 147, 155, 405 A.2d 76 (1978).
Foley v. Huntington, Co., 42 Conn. App. 712, 739,682 A.2d 1026, cert. denied, 239 Conn. 931, 683 A.2d 397 (1996), indicates that the prejudgment interest statute applies to "underlying claims . . . for liquidated sums due for services." Id. 739. "Prejudgment interest pursuant to § 37-3a has been applied to breach of contract claims for liquidated damages, namely, where a party claims that a specified sum under the terms of a contract, or a sum to be determined by the terms of the contract, owed to that party has been detained by another party." Id., 740. The underlying claim in this case is for liquidated damages based on a written contract dated February 2, 1994. A tax savings of $77,163 was obtained through the efforts of the plaintiff on the city of Stamford's list of October 1, 1993. As indicated in the memorandum of decision dated November 22, 1996, the only reason in the court's opinion that the defendant withheld payment of the plaintiff's bill was because the plaintiff was more successful in obtaining a tax reduction than the defendant had anticipated. CT Page 4427 Hence, the amount due the plaintiff was "wrongfully withheld," and interest pursuant to General Statutes § 37-3a is payable, commencing on April 7, 1995, thirty days after the plaintiff submitted its bill, to the date judgment entered on November 22, 1996. The second claim for interest involves General Statutes § 52-192a (b), which provides that if a plaintiff makes an "offer of judgment," which a defendant fails to accept, the plaintiff is entitled to 12% annual interest on the sum collected if it is greater than the amount in the offer of judgment. An examination of the file indicates that the plaintiff filed an offer of judgment on February 22, 1996, for $75,000, which is less than the amount recovered in the judgment by the court. Moreover, the offer of judgment was filed within eighteen months from the date the complaint was filed on November 20, 1995, as required by the above statute. Hence, the plaintiff is entitled to interest pursuant to General Statutes § 52-192a (b) at the rate of 12% per year from November 20, 1995, the date the complaint was filed, to the date of this judgment entered.
According to Blakeslee Arpaia Chapman, Inc. v. ElConstructors, Inc., 239 Conn. 708, 763, 687 A.2d 506 (1997), interest based on § 52-192a (b) "is awarded over and above any award of prejudgment interest." This means that § 37-3a
interest is first added to the judgment of $77,163, and then § 52-192a (b) interest is added to that sum. These amounts are calculated as follows: since there are 594 days from April 7, 1995 until November 22, 1996, when judgment entered, the amount recovered is $77,163 plus [($77,163 x .10) x (594 divided by 365)] = $12,557.48, or a total of $89,720.48. The plaintiff is entitled to 12% interest under § 52-192a (b) on that amount from November 20, 1995 until November 22, 1996. That calculation is $89,720.48 plus [($89,720.48 x .12) x (367 divided by 365)] = $10,825.45, which amounts to a total of $100,545.93. Thus, judgment enters in favor of the plaintiff for $100,545.93, as of November 22, 1996, the date of the original judgment.
So Ordered.
Dated at Stamford, Connecticut, this 18th day of April, 1997.
William B. Lewis, Judge