[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 27, 1997
The plaintiff provided insurance coverage to Robert and Kathleen Williams (the insureds) on their residential property at No. 1066 Prospect Road, Cheshire, and on certain of the insureds' personal property at the address. At about 5 A.M. on April 10, 1996, while such insurance coverage was in effect, a tree which was adjacent to one of the defendant's poles fell and, in doing so, contacted the pole and dislodged high voltage conductors thereon from their insulators. As a result, electrical current flowed through the earth from the conductors to the insureds' residence causing a fire which destroyed the residence, its appurtenant structures, and contents.
The plaintiff-Company is subrogated to the rights of the insureds and seeks recovery from the defendant (CLP) of payments made to the insureds as a result of the loss and pursuant to the terms of their policy. The first two counts of the plaintiff's complaint sound in negligence and recklessness respectively. Both counts rely on the same allegations of fact. In its third count the plaintiff alleges that the defendant maintained its electrical power service in such a way that an excess of power was allowed to be routed into the insureds' residence. In doing so it is the plaintiff's claim that the defendant was engaged in an ultrahazardous activity, and that this activity proximately caused the losses and damages to the insureds which the plaintiff assumed.
Before the court is the defendant's motion to strike (1) the second count alleging recklessness, (2) the third count claiming CT Page 6593 strict liability based on an ultrahazardous activity, and (3) those parts of the prayer for relief seeking punitive damages and interest.
It is the defendant's position that the claim for recklessness is legally defective in that the factual allegations in support of such claim are the same as those which support a claim (first count) for negligence. Likewise, the defendant asserts that the facts on which the plaintiff relies do not support a claim based on ultrahazardous activity or permit an award of punitive damages or interest.
The parties have filed memoranda and were heard through their attorneys in oral argument.
The purpose of a motion to strike is to contest the legal sufficiency of the challenged pleading. R.K. Constructors v.Fusco Corp., 231 Conn. 381, 384 (1994). In the instant case the court in ruling on the motion is limited to the facts alleged in the complaint and must construe those facts most favorably to the plaintiff. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215 (1992). If the facts that are provable support the cause of action alleged, the motion to strike must be denied.Waters v. Autuori, 236 Conn. 820, 826 (1996).
 I
In order to rise to the level of recklessness, action producing the injury must be intentional and characterized by highly unreasonable conduct which amounts to an extreme departure from ordinary care. Dubay v. Irish, 207 Conn. 518, 533 (1988). The allegations of one count of a complaint based on common law reckless conduct must be separate and distinct from the allegations of a second count sounding in negligence. Cherry v.ABF Freight Systems, Inc., 12 CONN. L. RPTR., No. 3, 101, 102 (1994). "There is a wide difference between negligence and reckless disregard of the rights or safety of others. . . . Simply using the word `reckless' or `recklessness' [in the complaint] is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made."Dumond v. Denehy, 145 Conn. 88, 91 (1958). In other words, "it is clearly necessary to plead a [common law] cause of action grounded in recklessness separate and distinct from a negligence action." Spencer v. King, 10 CONN. L. RPTR. 48, 8 CSCR 1024,1025 (1993). CT Page 6594
The second count of the plaintiff's complaint asserting recklessness incorporates the specification of negligence set forth in the first count and is lacking in any additional allegation which would distinguish the theory of recovery of one count from the other. In essence, the plaintiff is pleading a legal conclusion of recklessness without factual support, and such pleading will not survive a motion to strike.
 II
The issue whether a certain activity is ultrahazardous raises a question of law for the court to decide. Green v.Ensign-Bickford Co., 25 Conn. App. 479, 485 (1991). The test is that set out in 3 Restatement (Second), Torts. Section 519, Comment (d), points out that "liability . . . is not based on any intent of the defendant to do harm to the plaintiff; rather, it arises out of the abnormal danger of the activity itself and the risk of harm it creates to those in the vicinity." The theory is that anyone who, for his own purposes, creates an abnormal risk of harm to his neighbors should bear responsibility for such harm when it does in fact occur. Id; Green v. Ensign-Bickford Co.,supra, 485-86.
The specific factors which a court should consider in determining whether an activity is abnormally dangerous are as follows: "(a) existence of a high degree of risk of some harm to the person, land, or chattel of others; (b) likelihood that the harm that results from it will be great; (c) inability to eliminate the risk by the exercise of reasonable care; (d) extent to which the activity is not a matter of common usage; (e) inappropriateness of the activity to the place where it is carried on; and (f) extent to which its value to the community is outweighed by its dangerous attributes." 3 Restatement (Second) Torts, Sec. 520.
The defendant urges that maintenance of electric power and electric power service does not meet the test and therefore does not qualify as an ultrahazardous activity as to which strict liability may apply. Based on its review of the allegations of the complaint, the court is constrained to agree. What the plaintiff asserts is little more than a legal conclusion; i.e., that such activity does constitute an ultrahazardous activity. The plaintiff has failed to plead sufficient facts to be weighed against the determinative factors above described. Without supporting facts in the context of the controlling factors, a CT Page 6595 cause of action for strict liability based on an ultrahazardous activity is legally insufficient.
It is unlikely that a repleading of the facts will raise the activity to a level which could be defined as ultrahazardous. While the plaintiff is not required to satisfy each of the six factors; Green v. Ensign-Bickford Company, supra, 486; clearly, the entire circumstance would have to be altered to pass muster. What facts can the plaintiff plead, for example, to support a finding that the harm caused could not have been remedied by an exercise of due care? Obviously, damage to the pole and high voltage conductors could have been averted by replacing or relocating the poles or reducing the measure of electricity passing through the conductors prior to the occurrence.
Can one realistically allege that the delivery of electricity is anything less than a substantial benefit to the community, or that its benefit is outweighed by the inherent risks?
And would it be proper for the plaintiff to allege that the activity poses a high probability of harm when, at oral argument, it was noted that the last incident, involving electrical surges in the area of the insured's property occurred approximately ten years ago?
Apart from the above and the remaining Restatement factors, and while viewing the allegations in a light most favorable to the plaintiff, the language of an earlier Connecticut court seems strikingly applicable to the instant issue and the court's decision on the motion to strike:
 "The . . . statements of our Supreme Court which pertain to the duty of care required to be exercised by an electric power company maintaining high-voltage wires (Cutler v. Putnam Light Power Co., 80 Conn. 470, 476; McAdam v. Central Railway Electric Co., 67 Conn. 445, 447) compel the conclusion that the admitted facts of the complaint do not support a cause of action against the defendant on the ground that it is absolutely liable because it is maintaining and operating an agency which is inherently dangerous and ultrahazardous. The circumstances and conditions in the use of high-voltage electricity which has the capability of arcing and being conducted through the air do not involve a risk of probable injury to such a degree that the activity fairly can be said to be intrinsically dangerous to the person CT Page 6596 or property of others.
 Plourde v. Hartford Electric Co., 31 Conn. Sup. 192, 196-97
(1974).
 III
"A party may utilize a motion to strike in order to test the legal sufficiency of a prayer for relief." Central New HavenDevelopment Corporation v. Potpourri, Inc., 39 Conn. Sup. 132,133 (1983); P.B., Sec. 152(2).
(a) The court's ruling on the defendant's motion to strike the second count of the complaint alleging recklessness dictates the result of the same motion as it relates to the plaintiff's claim for punitive damages.
(b) Whether the plaintiff's reliance on Sec. 37-3a of the General Statutes as a basis for the recovery of interest is justified is dependent "upon whether the detention of [monies] is or is not wrongful under the circumstances. Cecio Bros., Inc. v.Feldman, 161 Conn. 265, 275, 287 A.2d 374 (1971)." Alderman v.RPM of New Haven, Inc., 20 Conn. App. 566, 569 (1990).
A motion to strike relief requested should not be granted if such relief is appropriate to any combination of facts admissible under the pleadings. E. Stephenson, Conn. Civ. Proc. (3d Ed. 1997), Sec. 73(i). The issue is one which should be reserved for trial.
 IV
The motion to strike the second and third counts of the complaint and that part of the prayer for relief which seeks punitive damages is granted. As to the claim for interest damages, the motion is denied.
GAFFNEY, J.