[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE (DOCKET ENTRY NO. 140)
The plaintiffs, the parents of Frederick J Neudeck, Jr. (Neudeck), filed a four-count revised amended complaint on July 17, 1998 against the defendants, Delair Group L.L.C. (Delair), North American Marketing Corporation (NAMCO), S.R. Smith, Inc. CT Page 12800 (the defendant), and Charles P. Stewart and Diana L. Stewart (the Stewarts). The plaintiffs allege that on June 15, 1996, Neudeck suffered serious injuries when doing a headfirst slide into a swimming pool on the Stewarts' premises. The plaintiffs allege in count one that the swimming pool, manufactured by Delair and distributed by NAMCO, was defective in that it failed to provide adequate warnings, instructions and/or safety precaution information concerning the danger information concerning the danger posed by performing or permitting headfirst slides in to a pool of inadequate depth. The plaintiffs allege in count two that defendant manufactured the slide; which was defective because it failed to provide adequate warnings, instructions and/or safety precaution information concerning the danger posed by installing the slide for use with, or performing or permitting headfirst slides, into a pool of inadequate depth. The plaintiffs allege in count three that the plaintiffs' injuries were the result of reckless disregard for the safety of slide users on the part of the defendant. The plaintiffs allege in count four that the Stewarts were the owners of the premises where Neudeck was injured and that the premises were defective in that the slide was installed for use with a pool of inadequate depth in such a way as to create a danger of serious injury.
On July 20, 1998, the defendant filed motion to strike count three of the revised amended complaint on the ground that it fails to allege facts sufficient to support a claim of recklessness. The plaintiffs filed a memorandum in opposition to the motion to strike on August 10, 1998. The matter was heard by the court on September 8, 1998.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of the allegations of any complaint to state a claim upon which relief can be granted. The court must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. If facts provable in the complaint would support a cause of action, the motion to strike must be denied. Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270-71, 709 A.2d 558 (1998).
The defendant argues that in count three, the plaintiffs have attempted to create a claim of reckless conduct by recasting the allegations of count two and inserting the words reckless, knew and should have known. The defendant further argues that the CT Page 12801 plaintiffs fail to allege specific facts which would show that the defendant somehow acted maliciously or with wanton indifference to the rights of the plaintiffs.
The plaintiffs argue that there is a clear and distinct difference between count two, a strict products liability claim, and count three, which seeks punitive damages pursuant to General Statutes § 52-240b.[1] The plaintiffs contend that in count two, they have alleged that the defendant sold a defective slide, whereas in count three, they allege that the defendant chose to sell the slide in the face of a known or knowable danger.
Common law recklessness is "highly unreasonable conduct", involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. It is at least clear at such aggravated negligence must be more than any mere that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. Dubay v. Irish, 207 Conn. 518, 533,542 A.2d 711 (1988). There is a wide difference between negligence and reckless or wanton misconduct. Recklessness is a state of consciousness with reference to the consequences of one's acts. It requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater than that which is necessary to make his conduct negligent. It is more than negligence, more than gross negligence. Sheiman v. LafayetteBank Trust Co., 4 Conn. App. 39, 45-46, 492 A.2d 219 (1985).
The allegations of one count of a complaint based on common law reckless conduct must be separate and distinct from the allegations of a second count sounding in negligence. There is a wide difference negligence and reckless disregard of the rights or safety of others. Simply using the word "reckless" or "recklessness" in the complaint is not enough. A specific allegation setting out the conduct that is claimed to be reckless nor wanton must be made. Dumond v. Denehy, 145 Conn. 88, 91
(1958). In other words, it is clearly necessary to plead a common law cause of action grounded in recklessness separate and distinct from a negligence: action. Prudential Property Casualty Co. v. Connecticut Light Power Co., Superior Court, CT Page 12802 judicial District of New Haven at Meriden, Docket No. 255016 (June 27, 1997, Gaffney, J.) (19 Conn. L. Rptr. 659, 660).
The plaintiffs have alleged in count two that the slide was defective for failing to give adequate safety warnings pursuant to General Statutes § 52-572q.[2] The plaintiffs repeat the facts of count two in count three, but then add that the defendant "sold the slide with knowledge . . . (a) that, unless it reasonably warned consumers not to do so, some of its slides would be used in conjunction with pools of inadequate depth; (b) that its slides, when so used, posed a risk of serious injury to users; (c) that the warnings, instructions, and/or safety precaution provided with the slide were inadequate, and even encouraged pool users to perform headfirst slides." (Revised Amended Complaint, Count Three ¶ 22). These additional allegations distinguish count three from count two, and state with legal sufficiency a claim of recklessness separate and apart from the claim made in count two. Accordingly, the defendant S.R. Smith, Inc.'s motion to strike count three of the revised amended complaint is hereby denied.
MELVILLE, J.