[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is before the court on a hearing in damages. The plaintiff landlord seeks damages from the defendant, a former tenant in property owned by the plaintiff, for back rent, unpaid utilities, and expenses incurred in "restoring the premises to the condition they were in when the defendant took occupancy." (Pl. compl., count two, para. 6.) On November 13, 2000, the plaintiff's motion for default for failure to plead was granted. The parties subsequently appeared before this court for a hearing in damages on three days in October 2001, January 2002, and February 2002.
Initially the plaintiff claimed unpaid damages in the amount of $9,477.25. On the first day of the hearing in damages, the defendant informed the court that she contested this sum and claimed she had made more payments than reported in plaintiff's affidavit of debt. She said that many of her financial records were in storage, and the court granted her request for a continuance to obtain them. On the second court date, the defendant produced certain cancelled checks and plaintiff agreed that his records had not listed all her payments. The defendant sought yet another continuance for the same purpose, and on the third court date she had records of additional payments that the plaintiff admitted having received.
 I — FINDINGS OF FACT
The court has carefully considered all of the evidence, including the exhibits and the testimony presented, according to the standards required by law.[1] After hearing that evidence, the court makes the following findings of fact:
The defendant occupied rental premises owned by the plaintiff at 505 Seaside Avenue in Westbrook from September 1, 1996, until just prior to CT Page 3707 June 30, 1998, pursuant to two written leases entered into by the parties. The agreed-upon rent for the first lease term of ten months, from September 1, 1996, through June 30, 1997, was eight hundred dollars per month; under the terms of the lease, charges for water, electricity, telephone, and cable television were also payable as rent. The agreed rent for the second lease term, from July 1, 1997, through June 30, 1998, was $1,300 per month; the tenant also agreed to pay for hot water, electricity, and other utilities not relevant to this action. In both lease periods, the plaintiff made payments directly for water and electricity, and the defendant agreed to reimburse him for those payments. The second lease obligated the defendant to remove garbage, rubbish and waste from the premises, remove her property upon vacating the premises, and leave the house in good and clean condition.
In the first lease period, the defendant incurred total charges to the landlord under the lease of $8,000 for rent, $2,374.71 for electricity, and $169.19 for water. She paid the plaintiff a total of $9,980.60 for rent and utilities, which includes $800[2] paid in August 1996 as a security deposit. At the end of the lease period, the defendant thus owed the plaintiff a balance of $563.30.[3]
For the second lease period, the defendant incurred $15,600 in rent charges under the lease. In addition, the plaintiff paid $2,088.31 for electricity and $257.52 for water that the defendant in the lease had agreed to pay. She thus incurred total charges to the plaintiff under the second lease of $17,945.83. During the second lease period, she made payments to the landlord in the amount of $16,300 and thus owed him, at the end of the lease period, a balance for that lease term of $1,645.83.
At the present time, the defendant thus owes a total debt to the plaintiff in the amount of $2,209.13 for unpaid rent and utilities.
At the end of the second lease term, the plaintiff breached her duty under the lease to remove her property, trash and rubbish from the premises upon vacating the house at the end of the tenancy. She left garbage and trash behind, and also breached her duty under the lease to vacate the premises in good and clean condition. It took the plaintiff four days to clean the premises. He paid others $585 to help him clean and repaint the premises. Although the plaintiff has also sought an additional $25 per hour for the time he spent during the four days of cleaning the premises, he did not offer any evidence showing that he lost work as a result or the factual basis for such an amount.
The second lease included a provision that the defendant agreed to pay the defendant interest of twelve per cent per year for amounts past due and that she would pay a reasonable attorney's fee of not more than CT Page 3708 fifteen per cent of any judgment.
 II — DISCUSSION
In the present case, the defendant was defaulted for failure to plead. Under Practice Book § 17-34(a):
 In any hearing in damages upon default, the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint, except such as relate to the amount of damages, unless notice has been given to the plaintiff of the intention to contradict such allegations and of the subject matter which the defendant intends to contradict, nor shall the defendant be permitted to deny the right of the plaintiff to maintain such action, nor shall the defendant be permitted to prove any matter of defense, unless written notice has been given to the plaintiff of the intention to deny such right or to prove such matter of defense.
In the present case, the defendant gave no such notice asserting denials, defenses, counterclaims, or set-offs.[4] The default here thus "conclusively determines" her liability:
 The entry of default, when appropriately made, conclusively determines the liability of a defendant. In an action at law, the rule is that the entry of a default operates as a confession by the defaulted defendant of the truth of the material facts alleged in the complaint which are essential to entitle the plaintiff to some of the relief prayed. It is not the equivalent of an admission of all of the facts pleaded. The limit of its effect is to preclude the defaulted defendant from making any further defense and to permit the entry of a judgment against him on the theory that he has admitted such of the facts alleged in the complaint as are essential to such a judgment. It does not follow that the plaintiff is entitled to a judgment for the full amount of the relief claimed. The plaintiff must still prove how much of the judgment prayed for in the complaint he is entitled to receive.
(Citations omitted; quotations omitted.) Murray v. Taylor,65 Conn. App. 300, 333, ___ A.2d ___ (2001). The only issue before the CT Page 3709 court is what damages the plaintiff has proven.
In the present case, the plaintiff has proven damages of $2,209.13 from the defendant's failure to pay rent and utilities she contractually agreed to assume. The plaintiff has also proven damages of $585 for expenses he incurred in cleaning up the premises because the defendant breached her contractual duty to remove trash and rubbish and leave the premises clean and in good condition.
The plaintiff has requested an award of attorney's fees, which the defendant in the second lease agreed to pay in an amount "not in excess of fifteen percent (15%) of the amount of the judgment we obtain against you." There is no similar provision entitling the plaintiff to counsel fees under the first lease. "An award of attorney's fees under [a contract clause providing for payment of reasonable attorney's fees] requires an evidentiary showing of reasonableness." Ottavani v. Pechi,16 Conn. App. 705, 709, 548 A.2d 1354 (1988)."Courts have a general knowledge of what would be a reasonable attorney's fee for services which are fairly stated and described." Appliances, Inc. v. Yost, 186 Conn. 673,680, 443 A.2d 486 (1982) The plaintiff's affidavit of debt avers counsel fees of $1,950 as of September 15, 2001. The court finds that to be a reasonable attorney's fee. A sworn affidavit from a party listing counsel fees incurred is an adequate such evidentiary basis. Febbroriello v.Febbroriello, 21 Conn. App. 200, 205, 572 A.2d 1032 (1990). The second lease restricts the award of counsel fees to fifteen per cent of the total judgment. Fifteen per cent of defendant's indebtedness under the second lease ($1,645.83) and the plaintiff's cost of cleanup ($585) is $334.62, and the court awards that amount to plaintiff. (The court cannot include in its calculus the amounts owing under the first lease since there is no right to counsel fees contained therein.)
The plaintiff also seeks interest on the amount owed by the defendant. As the first lease contains no provision providing for interest, there can be no award of contract interest for amounts owing under that lease. The second lease provides that "you also will pay us interest on any amount you owe us which is past due" at the rate of twelve per cent per year. Under the lease, rent payments were due on the first of each month. The lease is silent, however, as to when payments were due for the water and electricity bills that she agreed to pay for. "Where no time for the performance of a contract is contained within its terms, the law presumes that it is to be performed within a reasonable time." (Citations omitted.) Schlicher v. Schwartz, 58 Conn. App. 80, 86, 752 A.2d 517
(2000). The evidence established here that for the entire tenancy the water and electric bills were in the plaintiff's name and were sent to him. A reasonable time for the defendant to pay water and utility bills would be within the month following presentation to her of such a bill by CT Page 3710 the plaintiff
The evidence shows that by a letter of March 2, 1998, the plaintiff notified the defendant of all water and electricity bills incurred to date during the tenancy. As of that date, the defendant owed the plaintiff $563.30 in unpaid rent and utility bills from the first lease term and $1,343.58 in unpaid rent and utility bills from the first lease term, for a total debt of 1,906.88. The evidence shows that she incurred $3,900 in agreed upon monthly rental charges after that, and paid the plaintiff $4,300 between then and the end of the lease term. She also incurred various utility expenses, but there is no evidence that the plaintiff ever provided any subsequent notice of later utility bills until the filing of the complaint here. The evidence thus shows that the defendant's balance due varied repeatedly in the months after the March 2nd letter. The court does not have enough evidence to determine when and what demand was made for payment of the remaining unpaid utility bills, so as to determine the amount properly demanded of the defendant or from what date to calculate interest. Accordingly, the plaintiff has not met his burden of proving the amount of contract interest owing and due. The same problem prevents the calculation of statutory interest under general statutes § 37-3a for sums due under either lease.
 III — ORDERS
The court thus awards damages and counsel fees as follows:
Damages for unpaid rent and utilities 2,209.13
 Damages for breach of contractual obligation to 585.00 leave premises clean, in good condition, and with trash removed
Attorney's fees 334.62
Total Damages $3,128.75
Accordingly, the court enters judgment for the plaintiff in the amount of $3,128.75, plus costs.
SO ORDERED.
BY THE COURT
STEPHEN F. FRAZZINI Judge of the Superior Court CT Page 3711